**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **Miguel Rivera Díaz,**<br><br>        Plaintiff,<br><br>             v.<br><br>**Puerto Rico Department of Corrections and Rehabilitation, et al.**<br><br>        Defendant. | CIVIL NO. 16-1176 (PG) |

**OPINION AND ORDER**

Miguel Rivera Diaz (hereinafter, "plaintiff") filed a pro se complaint alleging that defendants violated his constitutional rights. See Docket No. 14. Defendants Orlando Rivera Garcia (hereinafter, "Rivera Garcia") and the Puerto Rico Department of Corrections and Rehabilitation (hereinafter, "PRDCR") move to dismiss the complaint. See Docket No. 16, 18. The court finds that Rivera Garcia's motion to dismiss is **GRANTED** because he was not named as a defendant in the amended complaint and is thus no longer a defendant in this case. In addition, for the reasons subsequently set forth, the court **GRANTS** the PRDCR's motion to dismiss.

**I. DISCUSSION**

**A. Orlando Rivera Garcia**

On February 1, 2016, plaintiff filed a pro se complaint in which he named Orlando Rivera Garcia as a defendant. See Docket No. 2. Plaintiff alleged that Rivera Garcia had violated his constitutional rights by withholding his mail. However, plaintiff's filing was defective, insofar as the complaint was written in Spanish. On July 12, 2016, plaintiff filed an amended complaint, this time in English. See Docket No. 14. However, plaintiff did not name Rivera Garcia as a defendant in the amended complaint, or raised any claims against him.

Because Rivera Garcia is not named in the amended complaint, his motion to dismiss is GRANTED. Rivera Garcia is no longer a defendant in the present case because "an amended complaint, once filed, normally supersedes the antecedent complaint. Thereafter, the earlier complaint is a dead letter

and no longer performs any function in the case." Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008) (internal citations omitted). Thus, "the filing of the amended complaint in which the original parties are not named operates as a dismissal of those parties from the litigation with no further Court order being necessary." Arvanitis v. Massachusetts Dep't of Correction, No. CIV.A. 2010-10213, 2011 WL 1344531, at *1 (D. Mass. Jan. 18, 2011), report and recommendation adopted, No. 1:10-CV-10213, 2011 WL 1367055 (D. Mass. Feb. 22, 2011).

Thus, it is not necessary for the court to delve into the merits of Rivera Garcia's motion to dismiss. When plaintiff did not name Rivera Garcia in the amended complaint, plaintiff, in fact, dismissed him from the current proceedings. Thus, Rivera Garcia's motion to dismiss is GRANTED on other grounds, as there are no longer any pending claims against him.

**B. Puerto Rico Department of Corrections and Rehabilitation**

The Eleventh Amendment, and the doctrine of sovereign immunity, proscribe that all states are immune from suits by citizens in federal courts. Sossamon v. Texas, 563 U.S. 277, 283–84 (2011). It is worth noting that Eleventh Amendment immunity does not come without exceptions. A state may waive its immunity, or Congress may, in limited cases, abrogate it through legislation. See Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238, (1985); see also Seminole Tribe v. Florida, 517 U.S. 44, 55 (1996). However, neither of these exceptions is applicable to the case before the court.

"In an unbroken string of cases over the last two decades, the First Circuit consistently has held that Puerto Rico is considered a 'State' for Eleventh Amendment purposes, and therefore Eleventh Amendment applies with full force to the Commonwealth of Puerto Rico." Vega Castro v. Puerto Rico, 43 F. Supp. 2d 186, 189 (D.P.R. 1999), aff'd sub nom. Jusino Mercado v. Commonwealth of Puerto Rico, 214 F.3d 34 (1st Cir.2000).[1] Furthermore, it

---

[1] Citing Negron Gaztambide v. Hernandez Torres, 145 F.3d 410 (1st Cir.1998); Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct & Sewer Auth., 991 F.2d 935, 939 n. 3 (1st Cir.1993); Aviles–Martinez v. Monroig, 963 F.2d 2, 8 (1st Cir.1992); Trailer Marine Transp. Corp. v. Rivera Vazquez, 977 F.2d 1, 7 (1st Cir.1992); De Leon Lopez v. Corporacion Insular de

is already well settled that suits against the PRDCR are barred by the Eleventh Amendment. See Camacho v. Puerto Rico, No. 06-1097 (PG), 2006 WL 1704692, at *1 (D.P.R. June 16, 2006); see also Padilla Cintron v. Rosello Gonzalez, 247 F. Supp.2d 48 (D.P.R.2003). This is so because "a penal system is an essential appendage of the state corpus." Wilson v. Brown, 889 F.2d 1195, 1197 (1st Cir.1989).

The court need go no further. Plaintiff's claims against the PRDCR are DISMISSED WITH PREJUDICE because they are barred pursuant to the Eleventh Amendment.

**C. All Other Defendants**

Seven other individuals named in plaintiff's amended complaint remain: the "Supervisor of social worker Jacqueline Toro Rivera"; social workers Michelle Grainials Loyola and Gerardo Rodriguez; officers Edgardo Rivera and Juan Ocasio; Supervisor Arlin Rodriguez; and Sub Director Victor Rivera Siera. It is unclear whether plaintiff names all of them as defendants or if some of them are named as having personal knowledge of the facts of the case.

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails to state a claim upon which relief could be granted. "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Garcia-Catalan v. United States, 734 F.3d 100, 102 (1st Cir.2013) (quoting Fed. R. Civ. P. 8(a)(2)). When ruling on a motion to dismiss for failure to state a claim, a district court must "ask whether the complaint states a claim to relief that is plausible on its face, accepting the plaintiff's factual allegations and drawing all reasonable inferences in the plaintiff's favor."

---

Seguros, 931 F.2d 116, 121 (1st Cir.1991); Culebras Enterprises Corp. v. Rivera Rios, 813 F.2d 506, 516 (1st Cir.1987); Ainsworth Aristocrat Int'l Pty., Ltd. v. Tourism Co. of P.R., 818 F.2d 1034 (1st Cir.1987); Fernandez v. Chardon, 681 F.2d 42, 59 n. 13 (1st Cir.1982); Ezratty v. Com. of Puerto Rico, 648 F.2d 770, 776 n. 7 (1st Cir.1981); Litton Indus., Inc. v. Colon, 587 F.2d 70 (1st Cir.1978); Perez v. Rodriguez Bou, 575 F.2d 21, 25 (1st Cir.1978); and also Salkin v. Com. of Puerto Rico, 408 F.2d 682 (1st Cir.1969).

<u>Cooper v. Charter Communications Entertainments I, LLC</u>, 760 F.3d 103, 106 (1st Cir.2014)(<u>citing</u> <u>Maloy v. Ballori-Lage</u>, 744 F.3d 250, 252 (1st Cir.2014)) (internal quotations marks omitted). Additionally, courts "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." <u>A.G. ex rel. Maddox v. v. Esevier Inc.</u>, 732 F.3d 77, 80 (1st Cir.2013) (<u>citing</u> <u>Haley v. City of Boston</u>, 657 F.3d 39, 46 (1st Cir.2011).

"To cross the plausibility threshold, the plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Cooper</u>, 760 F.3d at 106 (<u>citing</u> <u>Maloy</u> 744 F.3d at 252). <u>See</u> <u>also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, … , on the assumption that all the allegations in the complaint are true (even if doubtful in fact) … ." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted).

"In resolving a motion to dismiss, a court should employ a two-pronged approach. It should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." <u>Ocasio-Hernandez v. Fortuno-Burset</u>, 640 F.3d 1, 12 (1st Cir.2011) (<u>citing</u> <u>Twombly</u>, 550 U.S. at 555) (internal quotations marks omitted). That is, the court "need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." <u>Maldonado v. Fontanes</u>, 568 F.3d 263, 266 (1st Cir.2009) (<u>citing</u> <u>Iqbal</u>, 129 S.Ct. at 1960). "A complaint 'must contain more than a rote recital of the elements of a cause of action,' but need not include 'detailed factual allegations.'" <u>Rodriguez-Vives v. Puerto Rico Firefighters Corps of Puerto Rico</u>, 743 F.3d 278, 283 (1st Cir.2014) (<u>citing</u> <u>Rodriguez-Reyes v. Molina-Rodriguez</u>, 711 F.3d 49, 53 (1st Cir.2013)). "Non-conclusory factual allegations in the complaint must then be treated as

true, even if seemingly incredible." Ocasio-Hernandez, 640 F.3d at 12 (citing Iqbal, 129 S.Ct. at 1951).

"Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950. Nevertheless, when evaluating the plausibility of a legal claim, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; a well-pleaded complaint may proceed even if … a recovery is very remote and unlikely." Ocasio-Hernandez, 640 F.3d at 12-13 (citing Twombly, 550 U.S. at 556). As a result, courts should read the complaint "as a whole" and be cautions not to apply the plausibility standard "too mechanically." See Rodriguez-Vives, 743 F.3d at 283 (citing Garcia-Catalan, 734 F.3d at 101, 103).

It is clear that plaintiff has by no means reached the plausibility standard. As to Toro Rivera's "supervisor" and Grainials Loyola, the extent of plaintiff's allegations are as follows: "The Supervisor of socialworker Jacqueline Toro Rivera and the socialworker Michelle Grainials Loyola acting under color of State law as socialworker of the institution of correction of Fase 3 useing [sic] her power and the intention to harm me." Docket No. 14 at pg. 1. The court cannot construe this statement as anything other than "legal conclusions couched as fact or threadbare recitals of the element of a cause of action," and as such, must disregard it. See Ocasio-Hernandez, 640 F.3d at 12 (citing Twombly, 550 U.S. at 555). All other claims can be similarly categorized. For example, plaintiff's claim that he was not notified of having suffered a fracture until two years after the fact is not enough, on its own, for this court to deem his right to relief plausible. Again, "[a] complaint 'must contain more than a rote recital of the elements of a cause of action,' but need not include 'detailed factual allegations.'" Rodriguez-Vives, 743 F.3d at 283 (citing Rodriguez-Reyes, 711 F.3d at 53). Furthermore, this court cannot, in anyway, "draw the reasonable inference that the defendant[s named are] liable for the misconduct alleged." See Cooper, 760 F.3d at 106 (citing Maloy 744 F.3d at

252). As such, the court concludes that plaintiff's pleading, as alleged, falls below the plausibility standard, and should thus be dismissed.

However, to this date, none of the seven individuals named in the amended complaint have been served. They have not moved this court to dismiss the allegations against them. Despite this, it is clear to the court that plaintiff has not complied with Rule 8(a), which requires that a plaintiff include in a complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriquenos en Action v. Hernandez*,* 367 F.3d 61, 68 (1st Cir.2004). While Rule 8(a)(2) stipulates minimal requirements, "minimal requirements are not tantamount to nonexistent requirements." Educadores Puertorriquenos en Action, 367 F.3d 68 (quoting Gooley v. Mobil Oil Corp.*,* 851 F.2d 513, 514 (1st Cir.1988)). It is patently clear that plaintiff has not complied with these minimal requirements. After careful reading of plaintiff's complaint, affording him a more lenient standard because of his pro se status, the court cannot begin to build even the vaguest picture of "who did what to whom, when, where, and why." Educadores Puertorriquenos en Action, 367 F.3d at 68. These considerations are, by and large, completely absent from plaintiff's complaint.

"Sua sponte dismissals are strong medicine, and should be dispensed sparingly." Cardona Roman v. Univ. of Puerto Rico, 799 F. Supp. 2d 120, 133 (D.P.R. 2011)(quoting Chute v. Walker*,* 281 F.3d 314, 319 (1st Cir.2002)). "If it is clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a sua sponte dismissal may stand." Cardona Roman, 799 F. Supp.2d 133 (quoting Gonzalez–Gonzalez v. United States*,* 257 F.3d 31, 37 (1st Cir.2001)). The court believes that in the present case, the strong medicine of a sua sponte dismissal is adequate and appropriate. For these reasons, all claims against the seven individuals named in the amended complaint are DISMISSED WITHOUT PREJUDICE.

## II. CONCLUSION

For the foregoing reasons, Orlando Rivera Garcia's motion to dismiss is **GRANTED**, insofar as he was not named in the amended complaint, and is thus no longer a defendant in the present case. All claims against him are **DISMISSED WITHOUT PREJUDICE**. The PRDCR's motion to dismiss is **GRANTED** because the PRDCR is immune, per the Eleventh Amendment, and all claims against it are **DISMISSED WITH PREJUDICE**. Finally, all claims against the remaining seven individuals named in the amended complaint are **DISMISSED WITHOUT PREJUDICE** because plaintiff fails to satisfy the plausibility standard and comply with the requirements of Federal Rule of Civil Procedure 8(a).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, October 14, 2016.

                                            S/ JUAN M. PÉREZ-GIMÉNEZ
                                            **JUAN M. PEREZ-GIMENEZ**
                                              **SENIOR U.S. DISTRICT JUDGE**